# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

|  |  |
|---|---|
| DEBORAH HITE,<br><br>         Plaintiff,<br><br>    v.<br><br>EQUITY LIFESTYLE PROPERTIES, INC., MHC OPERATING LIMITED PARTNERSHIP, MHC THOUSAND TRAILS LIMITED PARTNERSHIP, MHC NAC LLC, and DOES 1-10, inclusive, and DOES 1 through 25, inclusive,<br><br>         Defendants. | Case No.: EDCV 19-01966-CJC(SHKx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Dkt. 26]** |

## I. INTRODUCTION

On October 14, 2019, Plaintiff Deborah Hite filed this action against Defendants Equity Lifestyle Properties, Inc., MHC Operating Limited Partnership, MHC Thousand Trails Limited Partnership, MHC NAC LCC, and unnamed does alleging that Defendants' properties discriminated against her in violation of the Americans with Disabilities Act ("ADA") and California's Unruh Act. (Dkt. 1 [Complaint, hereinafter "Compl."].) Now before the Court is Defendants' motion for summary judgment as to Plaintiff's Complaint. (Dkt. 26 [Defendants' motion for summary judgment, hereinafter "Mot."].) For the following reasons, Defendants' motion is **GRANTED**.[1]

## II. BACKGROUND

The following facts are undisputed unless otherwise noted. Plaintiff has a leg injury which requires her to use a brace that affects her ability to walk, stand, bathe, dress, and engage in other activities. (Dkt. 27-1 [Plaintiff's Statement of Undisputed Facts, hereinafter "SUF"] ¶ 1.) In her Complaint, Plaintiff alleged that she encountered barriers in Restroom 5, Restroom 6, and Restroom 7 at Defendants' Wilderness Lakes property. (SUF ¶ 3.) Specifically, Plaintiff alleged that Restroom 5 had the following ADA violations: 1) a horizontal grab bar was missing on the rear wall; 2) the shower spray unit was mounted too high; 3) the drain cover on the shower floor was loose and wobbled; 4) a seat was missing from the dressing area near the shower; and 5) the towel hooks were mounted too high. (*Id.* ¶ 4.) With respect to Restrooms 6 and 7, Plaintiff alleged that: 1) a horizontal grab bar was missing opposite the shower seat; 2) the shower spray unit was mounted too high and located on the wrong wall; 3) the shower floor was

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 4, 2021 at 1:30 p.m. is hereby vacated and off calendar.

missing anti-slip or non-slip features; and 4) the towel hooks were mounted too high. (*Id.* ¶¶ 5–6.)

Defendants have addressed many of the alleged violations. The parties agree that the restrooms currently have horizontal grab bars mounted between 33" and 36" above the shower floor, along the back wall and side wall. (*Id.* ¶¶ 7, 12, 17.) The shower spray units in the restrooms are currently mounted between 38" and 48" above the shower floor. (*Id.* ¶¶ 8, 13, 18.) And the towel hooks in all of the restrooms are currently mounted below 48" from the floor. (*Id.* ¶¶ 11, 16, 21.) With respect to Restroom 5, a permanently mounted folding seat has been placed in the women's dressing area, along with a portable seat in the shower. (*Id.* ¶ 10.) These seats are between 17" and 19" in height from the ground and 15" and 16" deep. (*Id.*) The Restroom 5 drain cover is also currently flush with and affixed to the floor service. (*Id.* ¶ 9.) Restrooms 6 and 7 now have anti-slip stickers on the shower floors, although Plaintiff states that this is not appropriate remediation because the stickers "bunch". (*Id.* ¶¶ 14, 19.) Restrooms 6 and 7 also have tiles on the shower floor that are two inches by two inches with grout lines in between. (*Id.* ¶¶ 15, 20.)

Despite these changes, Plaintiff asserts that there are still several ADA violations in the complained of bathrooms. (Dkt. 27 [Plaintiff's Opposition to Defendants' motion for summary judgement, hereinafter "Opp."] at 7–10.) Defendants argue that these additional violations cannot defeat the present summary judgment motion because the restrooms are currently ADA compliant, and Plaintiff cannot allege any new barriers that were not in her Complaint. (Mot. at 7–11.)

\\
\\
\\

## III. LEGAL STANDARD

The Court may grant summary judgment on "each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is proper when the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual issue is "genuine" when there is sufficient evidence for a reasonable trier of fact to resolve the issue in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" when its resolution might affect the outcome of the suit under the governing law. *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 249. The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 325.

As in this case, when the nonmovant would have the burden of proof on an issue at trial, the moving party may discharge its burden of production by either (1) negating an essential element of the opposing party's claim or defense, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970), or (2) showing that there is an absence of evidence to support the nonmoving party's case, *Celotex Corp.*, 477 U.S. at 325. If the movant meets this burden, the nonmoving party must set forth, by affidavit, or as otherwise provided under Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The court must examine all the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Id.*; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987).

The court does not make credibility determinations or weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). But conclusory and speculative testimony in affidavits or moving papers is insufficient to raise triable issues of fact and defeat summary judgment. *Thornhill Pub. Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

IV.  DISCUSSION

   A. Plaintiff's ADA Claim Is Moot

The parties largely agree that Defendants have remediated the barriers specified in Plaintiff's Complaint. "When a defendant voluntarily modifies her property to remedy alleged ADA violations, the plaintiff no longer has a live case or controversy because he has received the only relief to which he would be entitled if the court were to issue an injunction." *Langer v. McKelvy*, 2015 WL 13447522, at *2 (C.D. Cal. Sept. 24, 2015), *aff'd*, 677 F. App'x 363 (9th Cir. 2017); *see Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("[A] defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."); *Bryant v. Yosemite Falls Cafe, Inc.*, 2018 WL 372704, at *4 (E.D. Cal. Jan. 11, 2018) (collecting cases). Defendants' remediations thus make Plaintiff's ADA claim for injunctive relief moot. *See, e.g., Vogel v. Winchell's Donut Houses Operating Co., LP*, 252 F. Supp. 3d 977, 985 (C.D. Cal. 2017) (holding that the plaintiff's ADA claim was moot where he did not dispute that the defendants remediated the alleged barriers of a disabled parking space and access aisles whose slopes were too steep); *McKelvy*, 2015 WL 13447522, at *2 (holding the plaintiff's ADA claim was moot after the defendant "re-measured and re-painted the van-access parking," as well as "hired a paving company to re-pave the entire parking lot surface, and . . . painted the van-accessible parking spot, hatched lines, and access aisle a second time").

Here, the parties agree that Restroom 5 now has a horizontal grab bar on the rear wall (SUF ¶ 7); the shower spray unit has been placed between 38 and 48 inches from the floor (*id.* ¶ 8); the drain cover ion the shower floor is secure (*id.* ¶ 9); the towel hooks are no more than 48" from the ground (*id.* ¶ 11); and a foldable seat has been installed in the dressing area, along with a portable seat, (*id.* ¶ 10). The parties also agree that Restroom 6 now has a grab bar on the right wall/partition so that there is a grab bar opposite the seat (*id.* ¶ 12); the shower spray unit is between 38 and 48 inches from the floor and opposite the seat (*id.* ¶ 13); there are anti-slip features on the shower floor (*id.* ¶14); and the towel hooks are 48" from the ground (*id.* ¶ 16). With respect to Restroom 7, the parties also agree that a horizontal grab bar is on the wall opposite the seat (*id.* ¶ 17); the shower spray unit is within 38 to 48 inches from the floor opposite the seat (*id.* ¶ 18); there are anti-slip surfaces on the shower floor (*id.* ¶ 19); and the towel hooks are only 48" from the ground (*id.* ¶ 21). As such, there is no longer any case or controversy for the Court to decide with regard to Plaintiff's ADA claim.

Nevertheless, Plaintiff claims that Defendants' remediation efforts were insufficient. Plaintiff maintains that the "grab bars do not extend to the corners of the shower as [the ADA] require[s]" and "Defendants added a bar with the spray unit so that the spray unit's bar obstructs the grab bar reach to the corners." (Opp. at 7, SUF ¶¶ 7–8, 12, 17.) Plaintiff also maintains that although a shower spray unit is now at the appropriate height, Defendants "attached the wrong kind of spray unit" with no on/off switch. (Opp. at 8, SUF ¶¶ 8, 18). Plaintiff also states that the portable seat that Defendants placed in the showers is "in the way of bathers" and as such, "makes no sense and is it itself an ADA violation." (*Id.*, SUF ¶ 10.) Moreover, Plaintiff states that the anti-slip stickers Defendants added are bunching and are therefore inadequate. (*Id.* ¶ 14.)

None of these alleged deficiencies will bar summary judgment. With respect to the grab bars, Plaintiff provides no evidence that these features are in fact ADA violations.

1  While Plaintiff points to her expert's declaration, Plaintiff's expert seems to be opining
2  on an entirely different type of shower that is not at issue in this case and must meet
3  different standards under the ADA. (*See* Opp. at 7, SUF ¶¶ 7–8, Reply at 10, Dkt. 28-3
4  [Declaration of Eric McSwain in Support of Plaintiff's Opposition to Defendants' motion
5  for summary judgment, hereinafter "McSwain Decl."] Ex. 3 at 30–31.) Additionally, the
6  shower units do not require an on/off switch because the facilities are common area
7  restrooms and not transient lodging guest rooms. 2010 ADA Standard for Accessible
8  Design 608.6. Finally, both the anti-slip stickers and the portable seats are the kinds of
9  violations that are easily remedied as they are temporary or isolated, and Plaintiff offers
10 no evidence that these alleged deficiencies have injured Plaintiff. *See Skaff v. Meredien*
11 *North America Beverly Hills LCC*, 506 F.3d 832, 839-40 (9th Cir. 2007) ("no cognizable
12 injury" concerning a portable shower chair because it was promptly corrected); *see also*
13 *Cherry, et al. v. The City College of San Francisco*, et al., No. C 04-04981 WHA, slip op.
14 at 13:4-5 (N.D. Cal. Jan. 12, 2006) (Alsup, J.) (holding that the burden is upon the
15 plaintiffs to show that any blockage is persistent).

### B. Plaintiff Cannot Allege New Barriers

Plaintiff also raises new ADA violations that are not alleged in her Complaint. For example, Plaintiff contends that the showers have a dangerous trench that is 4 inches wide and is left uncovered by any grate, (SUF ¶¶ 15, 20). In total, Plaintiff states that Restrooms 5 and 6 still have 16 ADA violations as currently configured (*id.* ¶¶ 7, 12), while Restroom 7 has 13 ADA violations, (*id.* ¶ 17). None of these alleged barriers were contained within Plaintiff's Complaint and Plaintiff failed to amend her Complaint to reflect such barriers.[2] "Rule 8 states that a civil complaint 'must contain . . . a short and

---

[2] The Court notes that Plaintiff had until April 19, 2021 to amend her Complaint. (Dkt. 19 [Scheduling Order].) To the extent that these barriers concern Defendants' remediation of the original barriers alleged in Plaintiff's Complaint, the Court has already addressed them in Section IV. A.

plain statement of the claim showing that the pleader is entitled to relief.'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) (quoting Fed. R. Civ. P. 8(a)(2)). Specifically, Rule 8 requires that the complaint provide "the defendant [with] fair notice of what the . . . claim is and on the ground upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In *Oliver v. Ralphs Grocer Co.*, the Ninth Circuit explained that "[w]here the claim is one of discrimination under the ADA due to the presence of architectural barriers at a place of public accommodation . . . the relevant 'grounds' are that the allegedly non-compliant architectural features at the facility." *Oliver*, 654 F.3d at 908; *see also Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006). As such, "for the complaint to provide fair notice to the defendant, each such feature must be alleged in the complaint." *Id.* It is not enough that "barriers [are] listed for the first time in [an] expert report." *Id.* In other words, "only disclosures of barriers in a properly pleaded complaint can provide such notice; a disclosure made during discovery, including in an expert report, would rarely be an adequate substitute." *Id.* at 909.

As such, these additional barriers identified in Plaintiff's opposition and proposed evidence do not cure the deficiencies in Plaintiff's case. Though Plaintiff encourages the Court to read the Complaint as alleging that "Wilderness Lakes as a whole has a massive number of architectural barriers affecting the Plaintiff," (Opp. at 12), this is not enough to satisfy Rule 8. Defendants were not provided adequate notice of these alleged new barriers and thus, the Court grants summary judgment with respect to Plaintiff's ADA claim.

\\
\\
\\
\\

## C. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Unruh Act Claim

The court has discretion to dismiss a plaintiff's state law claims once it has dismissed all of a plaintiff's federal claims. 28 U.S.C. § 1367(c)(3). The factors to be considered in deciding whether to retain supplemental jurisdiction over state law claims include judicial economy, convenience, fairness, and comity. *O'Connor v. State of Nev.*, 27 F.3d 357, 363 (9th Cir. 1994).

Here, there are strong reasons to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. California has established a detailed statutory scheme regarding heightened pleading standards for construction-related accessibility complaints, and declining supplemental jurisdiction here will allow California to enforce that scheme. *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017). For this reason, and because filing Unruh Act cases in federal court "deprive[s] the California state courts of the ability to interpret and settle unsettled issues of state law," *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1131 (S.D. Cal. 2005), a growing number of federal courts in California have declined to exercise supplemental jurisdiction over similar claims *even before* adjudicating the ADA claims. *See, e.g.*, *Langer v. Deddeh*, 2019 WL 4918084, at *2 (S.D. Cal. Oct. 4, 2019) (declining to exercise supplemental jurisdiction because the Unruh Act claim predominates over the ADA claim and the interests of comity and discouraging forum shopping constitute exceptional circumstances).[3] The Court also finds that whatever inefficiencies may arise

---

[3] *See also Theroux v. Oceanside Motel-9, LP*, 2019 WL 4599934, at *2 (S.D. Cal. Sept. 20, 2019) (similar); *Langer v. Petras*, 2019 WL 3459107, at *2 (S.D. Cal. July 31, 2019) (similar); *Spikes v. All Pro Auto Repair, Inc.*, 2019 WL 4039664, at *2 (S.D. Cal. Aug. 26, 2019) (dismissing for these reasons various state law claims including claims for violation of the Unruh Act, California Health and Safety Code Section 19955, negligence per se, and negligence); *Rutherford v. Ara Lebanese Grill*, 2019 WL 1057919, at *5 (S.D. Cal. Mar. 6, 2019) (finding that "it would be improper to allow Plaintiff to use the federal court system as a loophole to evade California's pleading requirements").

from Plaintiff having to bring a new case in state court to litigate his Unruh Act claim are slight in comparison to California's weighty interest in ensuring its laws are not circumvented, and in enforcing the detailed statutory regime it has set up for construction-related accessibility claims.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment on Plaintiff's ADA claim is **GRANTED**. The Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and as such, the claim is **DISMISSED WITHOUT PREJUDICE**.

DATED: September 27, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE